UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
04-10119-MEL

UNITED STATES OF AMERICA

v.

JAMES R. HART

**INTERIM STATUS REPORT**

October 26, 2004

DEIN, M.J.

An Interim Status Conference was held before this court on Tuesday, October

26, 2004, pursuant to the provisions of Local Rule 116.5(A).  Based on that conference,

this court enters the following report and orders, to wit:

1.    The government shall complete the production of documents by
      November 16, 2004.  The time by which the defendant may file a
      discovery letter is extended to December 6, 2004.

2.    The defendant does request expert discovery in the event the government
      elects to introduce expert testimony.  The government will provide expert
      discovery 45 days before trial.  The defendant will provide reciprocal
      discovery 20 days before trial.

3.    The date for filing dispositive motions shall be set at the next status
      conference.

4.    In this court's view, this is not a case involving unusual or complex issues
      for which an early joint conference of the district judge and the magistrate
      judge with counsel of record would be useful.

5.    In this court's view, this is not a case involving features which would
      warrant special attention or modification of the standard schedule, except
      as provided herein.

6.    It is too early to determine whether a trial is likely in this matter.  The government estimates that its case will take two weeks.

7.    This court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice, i.e., review of the case, review of evidence, consideration of alternatives concerning how best to proceed with this matter, and preparation of motions, outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time for the period of October 26, 2004 through December 6, 2004, that being the period between the Interim Status Conference and the next status conference.[1]

8.    Based upon the prior orders of the court dated April 26, 2004, June 8, 2004, July 22, 2004 September 14, 2004 and the order entered contemporaneously herewith, at the time of the Status Conference on December 6, 2004, there will be fifteen (15) days of non-excludable time under the Speedy Trial Act (May 24, 2004 - June 7, 2004) and fifty-five (55) days will remain under the Speedy Trial Act in which this case must be tried.

---

[1]    The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge.  The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto.  The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law.  The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review.  See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).

9.      An Interim Status Conference has been scheduled for December 6, 2004 at 3:00 p.m.  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 116.5(A)(1) through (7) before the close of business no less than THREE business days prior to that Status Conference.  **In addition, the parties shall include in the Joint Memorandum not only the periods of excludable time that are applicable, but also the amount of time remaining under the Speedy Trial Act before trial must commence, as well as the total amount of time which has been excluded.**


            / s / Judith Gail Dein
        JUDITH GAIL DEIN
        UNITED STATES MAGISTRATE JUDGE