UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (BOSTON)

UNITED STATES of AMERICA,

        Action No.: 1:04-cr-10119-MEL

v.

JAMES R. HART,
    Defendant.

MOTION FOR RELEASE FROM CUSTODY

NOW COMES DEFENDANT, James R. Hart, by his attorney, and moves the Court, respectfully, for an order admitting defendant to pre-trial release on unsecured bond and without special conditions pursuant to 18 USC §§3142(a)(1) & (b). Conditions have changed since the imposition of the original detention order in April 26, 2004 (Doc. No. 8) such that said detention order should be modified or vacated. See, 18 USC §3145. Mr. Hart is not charged with a Controlled Substances Act violation or crime of violence such that a presumption would arise against his release. 18 USC §3142(f)(1) & (2).

    Mr. Hart can no longer be considered a risk of flight in this wire fraud prosecution for six alleged violations of 18 USC §3143. See, November 17, 2004 superceding indictment (Doc. No. 22). Awaiting trial in detention at Plymouth County now for nearly 28 months, Mr. Hart has served all but three weeks of the 33-month sentence this Court would impose at the bottom end of the GSR at his Category I, assuming full three-point credit for acceptance of responsibility. A review of Mr. Hart's status as reported by NCIC reveals that the York County, Pennsylvania and DuPage County, Illinois warrants originally responsible for his detention have lapsed, as USPTSO Basil Cronin reported at this morning's status

1

conference.  Based on counsel's negotiations with the AUSA, counsel believes that the government must concede of defendant's sentence calculations.

Defendant has no incentive to flee and he has strong incentives to abide by conditions of release.  Counsel believes there are no enhancements under the USSG or aggravating factors warranting an upward variance.  Mr. Hart has no scoreable Criminal History and he is believed to be CHC I.  At the very least, this Court would be allowed to consider whether Mr. Hart was be eligible for a downward variance in his sentence in this Court.  Two mitigating factors are the defendant's age of 52, indicating a low risk of recidivism according to the US Sentencing Commission, and the harsh conditions of his confinement for more than two years at Plymouth County Correctional Facility.

Dated this 11th day of May, 2006 at Boston, Massachusetts.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron 550712
Attorney for James R. Hart
453 Washington Street 5B
Boston, MA 02111-1325
Tel. No. 617-482-6368
Fax: 617-517-7711
Email: k@lawyerbarron.com

CERTIFICATE OF SERVICE

Counsel certifies that he has served AUSA Seth Berman electronically with a true copy of this motion by the CM/ECF of this District today on May 11, 2006.  No party requires service by mail.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron 550712