UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Case No. 04-cr-10119-MEL |
| JAMES R. HART | ) ) ) | |

GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE FROM CUSTODY

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, respectfully opposes defendant's Motion for Release from Custody ("Defendant's Motion").

Defendant argues for release based on two grounds. The first is that two of the warrants that had been issued against the defendant have been withdrawn. The second is that, according to the defendant, were he to pled guilty to these charges, the time he has already been in detention would be near the low end of his guideline sentencing range, and therefore he has no reason to flee. Despite these claims, the Court should not grant Defendant's Motion.

Defendant accurately notes that the two outstanding warrants that had been issued against him have been withdrawn. However, the existence of these warrants was only one of the reasons for the defendant's pretrial detention. In fact, the defendant's prior criminal history is littered with multiple defaults and warrants. Though the defendant has not previously been convicted of a crime, his criminal history includes 10 prior arrests. Six of these arrests have included multiple defaults and/or the issuing of multiple warrants for the defendant.

The defendant next argues that he has no reason to flee because he has substantially served the sentence he would receive were he to plead guilty in this case. For the purpose of this

motion, the Government does not dispute the defendant's guideline sentence calculation. However, since the defendant has not offered to plead guilty in this case, the calculation seems irrelevant. Simply put, it is not clear on what basis the defendant believes that he will be eligible for a three point reduction for acceptance of responsibility in light of his continued refusal to accept responsibility. By contrast, if defendant is convicted after trial, his guideline range would be 46 to 57 months – a length of time that he has not yet served. This provides ample incentive for the defendant to absent himself from court, as he has after six of his prior arrests. Moreover, if convicted of this offense (regardless of whether it is by plea or after trial), defendant would be ordered to pay restitution to the numerous victims of his offenses. Defendant has an incentive to flee in order to avoid having to pay back the more than $600,000 that he defrauded.

    Finally, though defendant may claim significant ties to the community, it should be noted that he was arrested while living in a hotel. He does not have a permanent address within the District of Massachusetts (or anywhere else).

    For all these reason, defendant continues to be a significant risk of flight, and should be held pending his trial.

                                        Respectfully Submitted,
                                        MICHAEL J. SULLIVAN
                                        United States Attorney
                                        By:

                                        /s/ Seth P. Berman
                                        SETH P. BERMAN
                                        Assistant U.S. Attorney
                                        (617) 748-3385

May 12, 2006